UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-60265-CIV-MORENO

LOUIS GONZALEZ,

    Plaintiff,

vs.

WATERMARK REALTY INC., et al.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR IMPROPER VENUE

This suit is about an attempted purchase of a condominium in Panama City, Panama. Plaintiff is suing Defendants Gladys Castro, the real estate agent who assisted Plaintiff in purchasing the condominium, and Watermark Realty Inc., d/b/a Prudential Florida WCI Realty ("Prudential"), the real estate entity Gladys Castro was affiliated with. Plaintiff is suing Defendants for breach of contract, fraud in the inducement, and breach of fiduciary duty. Because the Sales Contract has a forum-selection clause requiring any dispute arising out of it to be resolved in the courts of Panama, the case is dismissed for improper venue.

Defendants seek dismissal based on improper venue. Defendants allege that the proper venue for this dispute is in Panama as dictated by the forum-selection clause in the Sales Contract. The two relevant documents in this case are the Reservation Agreement, signed by Plaintiff and Ms. Castro, and the Sales Contract, signed by Plaintiff and Ms. Castro on behalf of the condominium owner. In the Reservation Agreement, Plaintiff agreed to pay a deposit of $30,000 as part of the purchase price of the condominium, and in the Sales Contract, Plaintiff agreed to buy the condominium and pay $200,000 upon signing. The Sales Contract, and not the Reservation

Agreement, contains the forum-selection clause requiring disputes to be resolved in Panama. Yet Plaintiff did not attach the Sales Contract to his Amended Complaint, and seeks to avoid litigating in Panama by claiming that he is suing "non-parties" to the Sales Contract on claims "unrelated" to the Sales Contract, and that therefore, the forum-selection clause in the Sales Contract does not apply in this case. For the reasons stated below, the Court finds that despite Plaintiff's efforts to circumvent the forum-selection clause, the proper venue for this dispute is in Panama.

## BACKGROUND

The following facts are stated in the light most favorable to Plaintiff. In October 2007, Plaintiff, a resident of Maryland, noticed an advertisement for a penthouse condominium in the Bella Mare property in Panama City, Panama. The advertisement indicated that Ms. Castro was affiliated with Prudential, a real estate entity with its principal place of business in Broward, County Florida, and that she would be showing the property. Plaintiff inquired about the property and was informed by Ms. Castro that Alexandre Ventura Norgueira owned Bella Mare through a corporation named Bella Mare 29 Investment Corp. Ms. Castro gave Plaintiff a double-sided business card, that noted her affiliation to Prudential and Homes Real Estate Investment & Services, Inc.

On November 17, 2007, the parties entered into an agreement titled "Reservation Agreement" under which Plaintiff agreed to pay a $30,000 deposit as part of the $1,550,000 purchase price of the condominium. The Reservation Agreement contains a clause that reads, "Deposit of $30,000 will remain in escrow acct. until closing, this deposit is part of the purchase price. If, there is no deal, the full deposit will be reimburse [sic] to buyer." (Res. Agrmnt.) The Reservation Agreement also indicates that the $30,000 deposit will be held by buyer's attorney. Ms. Castro represented to Plaintiff that an entity called "HOMES" would provide assistance with the legal aspects of the sale and that his $30,000 deposit would be placed in escrow. (Am. Compl. ¶ 13.) These representations

led Plaintiff to believe Prudential was affiliated with HOMES.

Later, on November 19, 2007, Plaintiff gave Ms. Castro the deposit check for $30,000. Upon her direction, Plaintiff made the check out to "Homes Real Estate Investment." On the check, Plaintiff indicated the deposit was for Bella Mare and believed that the deposit was going into an escrow account of an entity either affiliated or approved by Prudential. (Am. Compl. ¶ 14 & Pl.'s Ex. B.)

On December 21, 2007, the parties entered into the Sales Contract that outlined the details of the purchase of the condominium. Clause four of the Sales Contract outlines the five deposit payments Plaintiff would be required to make in addition to the initial $30,000 deposit he paid on November 17, 2007. (Sales Cont. at 13.) Upon signing, Plaintiff made his second deposit payment of $200,000 payable to Homes Realty. (Pl.'s Ex. C.) After making the $200,000 payment, Plaintiff grew concerned over whether the furniture would be delivered according to the terms of the Sales Contract. Plaintiff made written inquiries to Ms. Castro and Mr. Nogueira about the furniture delivery, but never received a response. As a result, Plaintiff determined that the furniture would never be delivered and that the purchase agreement was breached. Plaintiff then demanded the return of his full deposit for $230,000. After Plaintiff demanded the return of his deposit, Ms. Castro informed Plaintiff that all monies had been taken by Mr. Nogueira, and that Mr. Nogueira controlled the Homes entities.

## ANALYSIS

### *Improper Venue: Whether the forum-selection clause applies to this suit*

"[M]otions to dismiss upon the basis of choice-of-forum and choice-of-law clauses are properly brought pursuant to Fed. R. Civ. P. 12(b)(3) as motions to dismiss for improper venue." *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998). The Supreme

Court has stated that international agreements containing forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972), *cited in Lipcon*, 148 F.3d at 1291-92 (applying this principle to an international agreement outside of admiralty). The *Bremen* test dictates that forum-selection clauses are "unenforceable only when: (1) their formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of its day in court because of inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the provisions would contravene a strong public policy." *Id.* at 1292 (citations omitted).

In the instant case, Defendants attached the Sales Contract to their Motions to Dismiss and seek dismissal based on the forum-selection clause contained in the Sales Contract. The Court may consider the Sales Contract without converting the motion into one for summary judgment if the "centrality requirement" is met. *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). To meet the centrality requirement the "attached document must be (1) central to the plaintiff's claim and (2) undisputed." *Id.* at 1276 (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). "In this context, 'undisputed' means that the authenticity of the document is not challenged." *Day*, 400 F.3d at 1276 (citations omitted). Relevant here is that a "document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement imposed in *Horsley*." *Id.* at 1276 (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999)). Here, Plaintiff refers to the Sales Contract's contents throughout his Amended Complaint. (Am. Compl. ¶¶ 15-18, 20, 46.) Plus, neither party disputes the authenticity of the Sales Contract. (Pl.'s Resp. at 2 n.2.) Accordingly, the Court finds that the Sales Contract

meets the centrality requirement, and therefore, the Court will consider its contents.

Defendants seek to dismiss the suit based on the forum-selection clause, but Plaintiff contends that the clause does not apply. First, Plaintiff claims that he is not suing under the Sales Contract, and second, that neither Defendant is a party to the Sales Contract. Plaintiff attempts to distinguish the Reservation Agreement which Castro signed, from the Sales Contract, which contains the forum-selection-clause signed by Ms. Castro on behalf of Mr. Nogueira. Notwithstanding Plaintiff's insistence that this lawsuit is not about the Sales Contract, the Court finds that Plaintiff's attempt to evade the forum-selection clause fails.

In fact, Plaintiff's own Amended Complaint supports the conclusion that this suit is about the Sales Contract. In his Amended Complaint, Plaintiff specifically cites to clause four of the Sales Contract, which outlines the payment schedule including when Plaintiff would be required to make a second deposit of $200,000. (Am. Compl. ¶¶ 15, 18.) Moreover, the Sales Contract expressly refers to the $30,000 deposit paid under the Reservation Agreement as part of the sales price. (Sales Cont. at 13.) Even the Reservation Agreement itself specifies that the $30,000 deposit "is part of the purchase price." (Res. Agrmnt.)

The Amended Complaint further alleges that the "purchase agreement" had been breached and as a result Plaintiff sought the return of his $230,000 payment. (Am. Compl. ¶¶ 20, 50.) This is the only time in the Amended Complaint that Plaintiff refers to the Sales Contract as the "purchase agreement," in what can only be interpreted as a weak attempt to seek protection for the alleged breach under the Sales Contract, while simultaneously trying to evade the rest of the Sales Contract's application. However, a party cannot cherry pick which provisions of the contract apply to him. Rather, the entire contract applies in equal force to both parties, both the convenient and inconvenient provisions, because that is what the parties bargained for. *See Webster v. Royal*

-5-

*Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1323-24 (S.D. Fla. 2000) (noting that Plaintiff cannot "pick and choose" the contract provisions he "wishes to enforce and those he wishes to ignore when bringing a lawsuit for damages under the contract").

Plaintiff's attempt to disguise his breach of contract claim as exclusively limited to the Reservation Agreement is unconvincing. Plaintiff himself characterizes this dispute as a "real estate scam" where Ms. Castro mishandled the deposits Plaintiff paid pursuant to the Sales Contract. Consequently, the Court finds that Plaintiff's efforts to camouflage his claim for breach of the Sales Contract as a breach limited to the Reservation Agreement fails. *See Int'l Software Sys. Inc., v. Amplicon, Inc.*, 77 F.3d 112, 116 (5th Cir. 1996) (holding that even though the plaintiff did not "technically" sue under the contract, the "entire controversy center[ed] around which party's interpretation of the contract is the correct one, and whether [the plaintiff] was fraudulently induced to enter into the contract"). And so, because the Court finds that Plaintiff's claim for breach of contract via the Reservation Agreement is one in the same with the Sales Contract, the forum-selection clause applies to this suit.

Plaintiff also seeks to defeat the forum-selection clause's application by arguing that it does not apply to Defendants in this case because neither one is a party to the Sales Contract. Nonetheless, "a party need not sign a forum selection clause to be bound by the terms of the clause." *Miyoung Son v. Kerzner Int'l Resorts, Inc.*, No. 07-61171, 2008 WL 4186979, at *5 (S.D. Fla. Sept. 5, 2008) (citations omitted). So long as the non-parties are "closely related to the dispute such that it becomes foreseeable that [non-parties] will be bound " the forum-selection clause can bind non-parties. *Lipcon*, 148 F.3d at 1299 (citations and quotations omitted).

Here, it is foreseeable that Prudential and its agent Ms. Castro would be bound by the Sales Contract. Ms. Castro's participation was integral to the transaction. She even signed the Sales

Contract, albeit on behalf of Mr. Noreiga, but such action betrays a likelihood that the document will apply to her. As alleged in the Amended Complaint, it was Ms. Castro and her affiliation with Prudential that led Plaintiff to make the $200,000 payment under the Sales Contract. According to Plaintiff, she was the caretaker of the money and was responsible for depositing the checks in an escrow account until the purchase was completed. (Am. Compl. ¶¶ 14, 19 & Pl.'s Resp. at 6.) Prudential is equally integral to the transaction. Plaintiff made the deposit checks out to Homes Realty and Homes Real Estate Investment, because he believed that those entities were "related" to or "approved" by Prudential. (Am. Compl. ¶¶ 44, 45, 47, 48.) Defendants' significant participation in the transaction reveal Defendants' close relationship to the instant dispute.

Most notable though, is that Plaintiff, a signatory to the Sales Contract, is the one seeking to avoid the forum-selection clause. When Plaintiff signed the Sales Contract with the forum-selection clause, he agreed to be bound by it. Therefore, Plaintiff cannot now vitiate the forum-selection clause against parties he claims are non-signatories, when he himself agreed to the forum-selection clause. *See Tradex Global Master v. Palm Beach Capital Mgmt.*, No. 09-21622, 2010 WL 717686, at *1, 5 (S.D. Fla. Mar. 1, 2010) (finding the contract with the forum-selection clause enforceable against the non-signatory, despite signatories resistance in enforcing the forum-selection clause) (citing *Thompkins v. Lil' Joe Records*, 476 F.3d 1294, 1305 n.12 (11th Cir. 2007)).

In sum, Defendants' involvement in the transaction is such that Plaintiff cannot now divorce Defendants from the Sales Contract in an effort to bypass the forum-selection clause's application. *See Exter Shipping Ltd. v. Kilakos*, 310 F. Supp. 2d 1301, 1309 (S.D. Fla. 2004) (noting that a "plaintiff cannot use a business relationship to establish jurisdiction or liability and then deny that same relationship to prevent the applicability of a forum selection clause") (citation omitted); *see also Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988) (noting that "a

range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses"), *cited in Lipcon*, 148 F.3d at 1299. Thus, the alleged conduct of Defendants is so closely connected to the transaction at issue, that Defendants are plainly entitled to enjoy the benefits of the forum-selection clause.

Having found that the forum-selection clause in the Sales Contract applies to this suit, the Court must determine whether the clause applies to Plaintiff's two remaining counts: breach of fiduciary duty and fraud in the inducement. In *Stewart Org. Inc., v. Ricoh Corp.*, 810 F.2d 1066 (11th Cir. 1987) (*en banc*), the forum-selection clause that "refere[d] to *any* 'case or controversy arising under or in connection with this Agreement'" was found to apply to claims of breach of warranty, fraud, and antitrust. *Id.* at 1070. The court explained that the forum-selection clause "include[d] all causes of action arising directly or indirectly from the business relationship evidenced by the contract" and held that the entire case be transferred. *Id.* The court found this decision sensible "because it promotes a more orderly and efficient disposition of the case in accordance with the parties' intent." *Id.* Indeed, this approach is "consistent with the Supreme Court's directive in *The Bremen* to encourage commercial reliance on forum selection clauses and thus keep intact the usefulness of these agreements." *Id.*

Accordingly, as explained below, the fraud in the inducement count and the breach of fiduciary duty count, are also subject to the forum-selection clause. The forum-selection clause in the Sales Contract demands that "any controversy with respect to the interpretation or enforcement of this Agreement shall be resolved based on the current laws in the ordinary courts of the Republic of Panama." (Sales Cont. at 17.) First, the fraud in the inducement claim, is a controversy related to the two payments made by Plaintiff to Ms. Castro. (Am. Compl. ¶¶ 41, 47.) Plaintiff complains that the misrepresentations made by Ms. Castro induced him into paying the $30,000 deposit and the

$200,000 deposit in furtherance of his goal to purchase the condominium. Second, the breach of fiduciary duty claim, stems from Ms. Castro's actions in obtaining both deposits for $30,000 and $200,000. Plaintiff alleges that Ms. Castro acted as an escrow agent and had a fiduciary duty to preserve Plaintiff's deposits when she accepted the initial $30,000 and the additional $200,000 deposit. (Am. Compl. ¶¶ 60, 65.) To Plaintiff, it was her failure to deposit the checks into an escrow account that caused Ms. Castro to breach her fiduciary duty to Plaintiff.

By bringing these two claims, Plaintiff attempts to recover damages based on Defendants' alleged misconduct surrounding the attempted purchase of the condominium. The forum-selection clause in the Sales Contract applies to these two claims because they are "controversies" that revolve around the "enforcement" of the Sales Contract. Therefore, the Court holds that all of Plaintiff's claims are subject to the forum-selection clause. To rule otherwise, would render the forum-selection clause unenforceable.

***Whether Plaintiff demonstrated that the forum-selection clause is unfair or unreasonable***

Finally, Plaintiff may overcome the forum-selection clause's enforcement only if Plaintiff shows enforcement would be unfair or unreasonable under the circumstances. *See Krenkel v. Kerzner Int'l Hotels Ltd.,* 579 F.3d 1279, 1281 (11th Cir. 2009) (citations omitted). As stated earlier, the clause will be invalidated only when: (1) its "formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of its day in court because of inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the provisions would contravene a strong public policy." *Lipcon,* 148 F.3d at 1292 (citations omitted).

The Supreme Court has applied the first prong, whether the formation was induced by fraud or overreaching, to mean that a "forum-selection clause in a contract is not enforceable if the

inclusion of that clause in the contract was the product of fraud or coercion." *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 519 n.14 (1974). However, "[t]his qualification does not mean that any time a dispute arising out of a transaction is based on an allegation of fraud . . . [that] the clause is unenforceable." *Id.* Instead, this factor requires the plaintiff to allege specifically that the insertion of the forum-selection clause into the contract was due to fraud, for the court to find the clause unenforceable. This allows courts to "ensure that more general claims of fraud will be litigated *in the chosen forum*, in accordance with the contractual expectations of the parties." *Lipcon,* 148 F.3d at 1296. Because Plaintiff has not alleged that the forum-selection clause into the contract was added to the contract due to fraud, the Court therefore finds that this prong does not invalidate the forum-selection clause.

As for the second and third prong, the Eleventh Circuit has stated that it "will not invalidate choice clauses . . . simply because the remedies available in the contractually chosen forum are less favorable than those available in courts of the United States. Instead, we will declare unenforceable choice clauses only when the remedies available in the chosen forum are so inadequate that enforcement would be fundamentally unfair." *Lipcon,* 148 F.3d at 1297 (citations omitted).

Plaintiff's only argument to suggest that the forum-selection clause is unfair is that enforcement of the clause may raise personal jurisdiction objections in the forum country. Specifically, Plaintiff claims that Prudential may raise the Panamanian equivalent of a personal jurisdiction objection resulting in Prudential's dismissal. (Pl.'s Resp. at 8.) Plaintiff does not allege any possible jurisdictional objections as to Ms. Castro. Nevertheless, the Court will not make a determination over whether the Panamanian courts will have jurisdiction over the parties in this case. The Court does, however, find that it would be unfair to require Plaintiff to litigate in a forum that leads to the dismissal of one of the Defendants, when personal jurisdiction exists in the current

forum over each of the Defendants.[1] *See Membreño v. Costa Crociere, S.p.A.*, 347 F. Supp. 2d 1289, 1294 n.2 (S.D. Fla. 2004) (dismissing case without prejudice on *forum non conveniens* with leave to re-file if an adequate alternative is unavailable based on defendants consent to personal jurisdiction in foreign jurisdictions). Therefore, the Court dismisses the case without prejudice as to all counts with leave to re-file in the event there is no personal jurisdiction over the parties in Panama. The Court finds that this result will avoid depriving Plaintiff of his day in court.

Plaintiff does not allege any other reason to invalidate the forum-selection clause, and therefore, Plaintiff has failed to make a "sufficient showing to overcome the presumptively valid and enforceable forum-selection clause" he bargained for in the Sales Contract. *See Krenkel*, 579 F.3d at 1282. Accordingly, the Court dismisses all claims against Defendants without prejudice with leave to re-file in accordance with this Order. Because the Court dismisses the case based on the forum-selection clause, the Court does not need to reach the merits of Defendants' remaining arguments for dismissal. Therefore, it is

**ADJUDGED** that Defendant Gladys Castro's Motion to Dismiss **(D.E. No. 16)** and Defendant Prudential's Motion to Dismiss **(D.E. No. 15)** are hereby GRANTED in accordance with this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of March, 2010.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Neither Defendant has raised a personal jurisdiction objection in this case. Plaintiff is a resident of Maryland, Prudential has its principal place of business in Broward County, Florida and Defendant Ms. Castro is a resident of Broward County. Plaintiff claims damages in excess of the amount in controversy. Therefore, the Court has diversity jurisdiction to hear this suit pursuant to 28 U.S.C. § 1332.

Copies provided to:
Counsel of Record