UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-60265-MORENO

LOUIS GONZALEZ

      Plaintiff,

vs.

WATERMARK REALTY, INC. d/b/a
PRUDENTIAL FLORIDA WCI REALTY, a
Delaware corporation, and GLADYS
CASTRO, an individual,

      Defendants.

_____

### ORDER GOVERNING THE PROTECTION
### AND USE OF CONFIDENTIAL INFORMATION

**THIS CAUSE** comes before the Court on the Joint Motion for the Entry of a Confidentiality Order. The parties seek a confidentiality order to preserve the confidentiality of certain materials. After reviewing the Motion, the Court finds good cause and finds the Motion is due to be **GRANTED**. The Court states as follows:

    1.    All documents and information produced by the parties in this action shall be used by any party receiving them solely for the purposes of preparing for and conducting the above-captioned litigation, including any appeals therefrom, and not for any other purpose whatsoever.

    2.    The term "Confidential," for purposes of this Order, shall mean any information, document or thing so designated by any party to this litigation or any third party producing information, documents or things in this litigation, including (without limitation) documents, information contained in documents or other media (including any form of optical or magnetic storage media), and information revealed during a deposition, in response to a subpoena, or in an interrogatory answer or an admission. The designation of "Confidential" may be placed on documents and information which are a trade secret, confidential business information, proprietary or sensitive information, and/or information that has been maintained as sensitive, non-public business and/or personal information. The term "documents" shall include any hard copy documents or

electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, electronic mail ("e-mail"), text messages, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

  3.  The Designations shall be as follows:

    (a)  Written information or documents, or any portion thereof, shall be designated as "Confidential" by placing on each page a stamp or notice stating "CONFIDENTIAL" in a manner that will not interfere with the legibility of the written information.

    (b)  Interrogatory responses containing "Confidential" information shall be set forth on separate pages from interrogatory responses which do not contain such information and all pages of interrogatory responses containing "Confidential" shall be produced in a separate package from interrogatory responses which do not contain such information.

    (c)  Documents produced, filed, or served by a party and designated "Confidential" shall be so marked by such party prior to or at the time they are produced, filed, or served. Documents produced by a third party as to which a "Confidential" designation is claimed by any person shall be so designated within ten days after they are produced, and shall be treated as "Confidential" during the intervening time.

  4.  Information disclosed at a deposition may be designated as "Confidential" by a statement on the record that the testimony, or part of the testimony, is "Confidential" and subject to the provisions of this Order. In addition, the transcript of such a deposition and all information exchanged in such a deposition shall be considered "Confidential" for a period of ten days after receipt of the deposition transcript. During those ten days, any party may designate any additional portion or the entire transcript as "Confidential" and all other persons given notice of the designation shall treat the information accordingly.

  5. Use of the confidential information shall be as follows:

    (a)  Documents and/or information designated as "Confidential" shall be used only for purposes of this litigation and shall not be disclosed, given, shown, made available or communicated in any way to anyone other than the following:

      (i)  outside legal counsel for the parties involved in this litigation, and such

legal counsels' staff;

    (ii)    the Court and court personnel in the manner provided in paragraphs 7 and 8 below;

    (iii)    employees of third-party contractors engaged by outside legal counsel and involved solely in one or more aspects of organization, copying, filing, coding, converting, storing, or retrieving data or designing programs for handling data in connection with this litigation, including providing computerized litigation support;

    (iv)    an expert hired by a party for the purpose of giving advice or testimony who signs a statement agreeing to the Court's jurisdiction, advising that he or she has read and understands this Order, and agreeing to be bound by this Order and use the information for the purposes of this litigation only;

    (v)    any other person as to whom the designating party agrees in writing;

    (vi)    court reporters employed in connection with this action; and

    (vii)    Defendant Gladys Castro, Plaintiff Louis Gonzalez, up to six corporate representatives of Defendant Prudential Florida and in-house counsel for Prudential Florida may be permitted by their counsel to view documents marked by an opposing party as "Confidential" only in connection with preparation for or at a discovery matter, deposition, hearing, trial, litigation related matter, appeal matter or settlement conference. These individuals shall not be permitted to retain a copy of any such document or information, including any copies or notes regarding such documents or information, and the documents shall be viewed and information used for purposes of this litigation only.

    (b)    Only outside counsel of record in this action may authorize the access to or disclosure of any documents or information designated as "Confidential" to any person authorized to have access to such information pursuant to paragraph 5(a), and each such person to whom any such information is disclosed or made available shall first agree in writing to be bound by all of the terms of this Order by executing the Acknowledgment attached hereto as Exhibit "A". Outside counsel of record for the parties shall maintain the executed Acknowledgments until sixty days after the conclusion of this litigation, including any appeal.

    (c)  The obligations set forth herein extend to, but are not limited to, copies, summaries, extracts, paraphrases and notes made by any person to whom such documents designated as "Confidential" are disclosed pursuant to this Order.

    6.  To the extent that any "Confidential" documents and/or information are produced without being designated as such, that disclosure shall be deemed an inadvertent disclosure. Upon the request of any party for proper designation of an improperly designated or non-designated document, all copies of the document shall be marked with the proper designation and the document shall be retrieved by outside counsel from any person who would not have been allowed access to the document if it had been properly designated.

    7.  If a party wishes to file any documents and/or information designated "Confidential" with the Court, it shall do everything necessary to ensure that such information is impounded, kept under seal, and unavailable to the public, including observing all requirements of Southern District of Florida Local Rule 5.4, including its provisions regarding the filing of motions to seal. All "Confidential" documents and/or information filed with the Court shall be filed separately in plain envelopes affixed with the following statement:

  SEALED DOCUMENT

  *Louis Gonzalez v. Watermark Realty, Inc. d/b/a Prudential Florida WCI Realty et al.*, Case No. 09-60265-CIV-MORENO

If a document or thing produced cannot conveniently be marked as required by this Order, the parties shall confer and agree in writing on an appropriate way of marking or otherwise identifying as "Confidential" such document or thing. The party filing the "Confidential" documents and/or information shall notify the Clerk that what has been filed should be accorded the treatment required by this Order.

    8.  Within sixty (60) days after the conclusion of this litigation, including all appeals, any "Confidential" documents and/or information, including copies and originals (except documents in the files of the Court, and except for documents retained in counsel's files, which will continue to be subject to the provisions of this Order, and which were filed in Court, or marked as exhibits at depositions, at trial, or in affidavits, or which contain work product) shall, at the election of the party who designated the documents and/or information "Confidential" be certified as destroyed, or returned to the designating party at the designating party's expense.

9. Neither the termination of this lawsuit nor the termination of employment of any person who has had access to any "Confidential" documents and/or information shall relieve any person from the obligation of maintaining the confidentiality of such information and/or documents.

10. Nothing in this Order shall prohibit the use of, or reference to, any "Confidential" documents and/or information in Court or at trial; <u>provided, however,</u> that the party using or planning to use such documents and/or information shall take whatever steps are necessary to eliminate or minimize the risk of disclosure. Such steps shall include bringing to the Court's attention the intention to disclose "Confidential" documents and/or information in open court and requesting the assistance of the Court in limiting disclosure. Prior to trial of the action, counsel for the parties shall attempt to reach agreement on the handling of "Confidential" documents and/or information at trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for consideration.

11. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on their examination of "Confidential" documents and/or information; <u>provided, however,</u> that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any "Confidential" documents except as allowed by paragraph 5 above.

12. Challenging the designations:

(a) No party concedes that any document or information designated "Confidential" by any other person does in fact contain or reflect confidential, sensitive, or proprietary business or personal information, or has been properly designated "Confidential".

(b) A party shall not be obligated to challenge the propriety of the designation of documents or information as "Confidential" at the time such designation is made, or at any other time, and failure to do so shall not preclude a subsequent challenge thereof.

(c) Any party may move for a ruling that a document or category of documents designated as "Confidential" is not entitled to such status and protection, but the document or category of documents shall be treated as so designated until such time as the designating party may agree otherwise, or as the Court may otherwise order. The party who designated the document or category of documents as "Confidential" shall bear the

burden of showing that the designation is warranted. Such a motion may be filed ten days after a party serves a written request for modification upon the party who made the designation.

(d) Nothing in this Order shall prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

13. The parties bound by this Order, and any individuals/entities that execute Exhibit A, understand and agree that money damages would not be an adequate remedy for any breach or imminent breach of this Order and that any of the parties shall be entitled to seek immediate injunctive relief or other equitable remedies for any such breach or imminent breach. Such remedies shall not be deemed to be the exclusive remedy for any breach or imminent breach of this Order, but shall be in addition to other remedies available, whether in law or in equity, including actual damages from such breach or imminent breach. Further, the prevailing party in any action brought as a result of a breach or imminent breach of this Order shall be entitled to all enforcement costs, including attorney's fees and costs that are incurred by such a party, and the collection of damages resulting from the breach or imminent breach of this Order.

**DONE AND ORDERED** in the United States District Court for the Southern District of Florida this 7th day of April, 2010.

FEDERICO A. MORENO
U.S. DISTRICT COURT JUDGE